CC TO JUDGE DJ
JCC FILED ___ ENTERED
___ LODGED ___ RECEIVED

JAN 30 2003    DJ

AT SEATTLE
CLERK U S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable John C Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No. CR02-421C |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION TO SUPPRESS STATEMENT |
| vs | EVIDENTIARY HEARING REQUESTED |
| MALIK ALMALIKI, | NOTE FOR MOTION February 7, 2003 |
| Defendant | |

## MOTION

COMES NOW Defendant, MALIK ALMALIKI, by and through his undersigned attorney, and moves to suppress as evidence at trial the statement of the defendant to federal agents on the ground that said agents obtained the statement from Mr Almaliki in violation of his right to counsel guaranteed by the Fifth Amendment to the United States Constitution This motion is based on the files and records herein and the attached memorandum of law



CR 02-00421 #00000066

Motion to Suppress Statement - 1

LAW OFFICES OF
KRISTINE COSTELLO & ASSOCIATES, P S
615 SECOND AVENUE, SUITE 760
SEATTLE, WA 98104-2203
(206)749-5020



## MEMORANDUM

### I    INTRODUCTION

In this case the United States has charged the defendant, Malik Almaliki, *inter alia*, by indictment with Conspiracy to Conspiracy Launder Monetary Instruments in violation of Title 18, United States Code Section 1956(h)  The government has alleged that Mr Almaliki was part of a conspiracy to transfer funds from the United States to various places outside the country with the intent to promote the carrying on of a specified unlawful activity  the transfer of funds to Iraq, in violation of the Emergency Economic Powers Act

### II    FACTS

The defense expects the following facts to be established at an evidentiary hearing:

Malik Almaliki is an Iraqi refugee  He has lived in the United States for approximately five years  He resides in Roanoke, Virginia, where he works as an auto detailer  Mr Almaliki communicates in Arabic both in writing and verbally  He interacts chiefly with people who speak Arabic  He does not possess a command of the English language  He cannot communicate in English regarding anything more than the most rudimentary subjects

On February 20, 2003 special agents of the Customs Service and ATF, in conjunction with local Roanoke police officers, executed a search warrant at Mr. Almaliki's residence  Mr Almaliki was present when the agents entered and searched his home  He did not comprehend what the agents were doing or what they said to him  The agents interrogated Mr Almaliki while they were present in his home. They did not read him the rights guaranteed to him by the Fifth Amendment to the United States Constitution, his Miranda rights, before they interrogated him  Mr. Almaliki made a statement to the agents pursuant to this interrogation

LAW OFFICES OF
KRISTINE COSTELLO & ASSOCIATES, P S
615 SECOND AVENUE, SUITE 760
SEATTLE, WA 98104-2203
(206)749-5020

III. ARGUMENT

The court should suppress Mr Almaliki's statement to the agents, as it was obtained in violation of his right to counsel guaranteed by the Fifth Amendment to the United States Constitution The agents did not advise Mr Almaliki of his rights or obtain his knowing, voluntary and intelligent waiver of those rights before they conducted a custodial interrogation

**Mr. Almaliki Was In Custody When the Agents Interrogated Him[1]**

An officer's obligation to give a suspect Miranda warnings before interrogation extends to all instances where the individual is "in custody." Oregon v Mathiason, 429 U S 492, 495, 97 S.Ct. 711, 50 L Ed 2d 714 (1977) (per curiam) To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest Stansbury v California, 511 U S 318, 322, 114 S.Ct 1526, 128 L Ed.2d 293 (1994) The inquiry focuses on the objective circumstances of the interrogation, not the subjective views of the officers or the individual being questioned. Id at 323, 114 S.Ct 1526 The court must determine whether the officers established a setting from which a reasonable person would believe that he or she was not free to leave. United States v Kim, 292 F 3d 969, 974 (9th Cir 2002), United States v Beraun-Panez, 812 F 2d 578, 580 (9th Cir ), modified by 830 F 2d 127 (9th Cir 1987) The following factors are among those likely to be relevant to deciding that question (1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt, (3) the physical surroundings of the interrogation, (4) the duration of the detention, and (5) the degree of pressure applied to detain the individual Kim, 292 F 3d at 974, Beraun-Panez, 812 F 2d at 580 This list is not exhaustive, other factors may also be pertinent to, and even dispositive of, the ultimate determination

---

[1] The defense does not anticipate that the government will argue that the agents did not interrogate Mr Almaliki, as the agents reported that they did just that "interviewed" Mr Almaliki

Motion to Suppress Statement - 3

LAW OFFICES OF
KRISTINE COSTELLO & ASSOCIATES, P S
615 SECOND AVENUE, SUITE 760
SEATTLE, WA 98104-2203
(206)749-5020

1   whether a reasonable person would have believed he could freely walk away from the
2   interrogators. Kim, 292 F 3d at 974.

3   In Kim, police officers executed a search warrant at the defendant's store and
4   interrogated her inside the store during the search. Id. at 971-72  The officers never read the
5   defendant the Miranda warnings Kim, at 978  They did not handcuff her and did not arrest her
6   until a later date Id at 972  They also did not, however, tell her that she was free to leave Id
7   During this interrogation the defendant informed the officers that she did not speak English well
8   Id  The officers stood around her for 30-60 minutes while one of the detectives questioned her
9   without an interpreter and an additional 15-30 minutes after an interpreter arrived Id  Pursuant
10  to the questioning, defendant made incriminating statements Id

11  The district court granted defendant's motion to suppress statements on the grounds that
12  she indeed was in custody at the time of the interrogation and so should have been advised of her
13  Miranda rights Id at 973  The Ninth Circuit affirmed the district court, holding that under the
14  totality of the circumstances, a reasonable person in Kim's circumstances would not have felt
15  free to leave Id at 978

16  The circumstances surrounding Mr Almaliki's interrogation were very similar to Ms
17  Kim's  The police entered his home pursuant to a search warrant  During the search they
18  interrogated him without reading him his constitutional rights  Mr Almaliki barely speaks
19  English  Although the agents did not place Mr. Almaliki under formal arrest, a reasonable
20  person in his position would not have felt free to leave  Federal agents surrounded him in his
21  home  Mr Almaliki does not speak English well enough to understand what was occurring
22  Even if Mr Maliki could have refused to speak to the officers, he had no way of so knowing

23  The agents in this case placed Mr Almaliki into custody when they entered his home and
24  began questioning him. The agents established a setting from which a reasonable person would
25  believe that he or she was not free to leave See Kim, at 974  Their subjective intent of course

Motion to Suppress Statement - 4

LAW OFFICES OF
KRISTINE COSTELLO & ASSOCIATES, P S
615 SECOND AVENUE, SUITE 760
SEATTLE, WA 98104-2203
(206)749-5020

does not bear on the inquiry Stansbury, 511 U.S at 323  As the agents never read Mr Almaliki his constitutional rights before they obtained his statement in such a situation, his statement is not admissible

IV    CONCLUSION

For the foregoing reasons the court should suppress as evidence at trial the statements made by Mr. Almaliki to the government agents in this case.

Respectfully Submitted,

KRISTINE COSTELLO & ASSOCIATES, P S

_____
Kristine Costello
Attorney for Malik Almaliki

Motion to Suppress Statement - 5

LAW OFFICES OF
KRISTINE COSTELLO & ASSOCIATES, P S
615 SECOND AVENUE, SUITE 760
SEATTLE, WA 98104-2203
(206)749-5020

The Honorable John C Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>Vs<br><br>MALIK ALMALIKI<br><br>    Defendant | No CR02-421C<br><br>CERTIFICATE OF SERVICE |

I hereby certify that a true and correct copy of a Motion to Suppress Statement and a copy of the Certificate of Service By Mailing, was served upon the following by depositing the same in the United States Mail at 615 Second Avenue, Seattle Washington, 98104, addressed to

- Francis J Diskin, Assistant United States Attorney, United States Attorney's Office, 5100 Two Union Square, 601 Union Street, Seattle, WA 98104,

- Carol A Koller, Attorney for Hussein Alshafei, Federal Public Defender's Office, 1111 Third Avenue, Suite 1100, Seattle, WA 98101-3207;

- James Louis Vonasch, Attorney for Ali Almarhoun, 200 Maynard Building, 119 First Avenue South, Seattle, WA 98104,

- Bruce Erickson, Attorney for Khalid Amen, 411 University Street, Suite 1200, Seattle, WA 98101,

Certificate of Service - 1

LAW OFFICES OF
KRISTINE COSTELLO & ASSOCIATES, P S
615 SECOND AVENUE, SUITE 760
SEATTLE, WA 98104-2203
(206)749-5020

- Catherine Cheney, Attorney for Ali Noor Alsutani, 119 First Avenue South, Suite 500, Seattle, WA 98104

- Song Richardson, Attorney for Salam Said Alkhursan, 810 Third Avenue, 5th Floor, Seattle, WA 98104

DATED this 30th Day of January, 2003

Respectfully Submitted,

KRISTINE COSTELLO & ASSOCIATES, P S

_____
Richard Boswell
Paralegal

\\Server1\oltdoc\Legal Administration\CLIENT\CURRENT\al Maliki  Malik 1262-01\Pleadings\01-30-03 Cert Of Mailing Motion to Suppress Statement doc

Certificate of Service - 2