CC TO JUDGE ____ pm

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing
document to which this certificate is
attached was delivered to the attorneys
of record of parties contained, on
the ___ day of February 20 03
UNITED STATES _____
By _____

Chief Judge Coughenour

☑FILED ____ENTERED
____LODGED____RECEIVED

**FEB 04 2003**  PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                     DEPUTY

CR 02-00421  #00000070

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,   )
                            )   NO.   CR02-421C
        Plaintiff,          )
                            )
        v.                  )
                            )   GOVERNMENT'S
MALIK ALMALIKI,             )   RESPONSE TO MOTION
    aka ALI AL MALIKI,      )   SUPPRESS STATEMENTS
    aka MALIK MALIKI,       )
                            )
        Defendant.          )
_____)

  The United States of America, by and through John McKay, United States

Attorney for the Western District of Washington, and Assistant United States Attorneys

Francis J. Diskin and Tessa M. Gorman, for said District, responds to defendant

ALMALIKI's motion to suppress statements he made during in-person and telephonic

interviews with law enforcement agents as follows:

## **BACKGROUND**

  On February 20, 2002, law enforcement agents executed a federal search warrant

at ALMALIKI's Roanoke, Virginia apartment.  The defendant was present during the

search and consented to an interview.  An additional telephonic interview was

conducted the following day.  For the convenience of the Court, a redacted copy of the

report prepared by the agent who conducted the interview, and previously provided to

defense counsel, is attached hereto at Appendix "A."

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1

## ARGUMENT

2       While an evidentiary hearing will be required to establish the voluntariness of

3   ALMALIKI's admissions (see 18 U.S.C. § 3501), it is the government's position that

4   <u>Miranda</u> warnings were unnecessary prior to this non-custodial interview.

5       In determining whether an individual was in custody, a court must examine all of

6   the circumstances surrounding the interrogation, but

7           the ultimate inquiry is simply whether there [was] a
           formal arrest or restraint on freedom of movement of the

8           degree associated with a formal arrest.  <u>California</u> v. <u>Beheler</u>,
           463 U.S. 1121, 1125 . . . (1983) (per curiam) (quoting

9           <u>Mathiason</u>, 429 U.S. at 495 . . . .
                   <u>Stansbury</u> v. <u>California</u>, 511 U.S. 318, 322 (1994).

10

11      The undersigned expects any hearing in this matter would establish neither a

12  formal arrest or any restraint on the freedom of ALMALIKI's movements of the degree

13  associated with a formal arrest.

14      Because the underlying facts will need to be presented under oath and subjected

15  to cross examination, the undersigned respectfully suggest that the Court may wish to

16  order additional briefing by both parities at the conclusion of such a hearing.

17      DATED this ⁴ᵗʰ day of February, 2003.

18                              Respectfully submitted,

19                              JOHN McKAY
                                United States Attorney

20

21

22                              FRANCIS J. DISKIN
                                Assistant United States Attorney

23

24                              TESSA M. GORMAN

25                              Assistant United States Attorney

26

27

28

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

# Appendix A

```
           O F F I C I A L   U S E   O N L Y
  ----------------------------------------------------------
  |      DEPARTMENT OF THE TREASURY        | 1. PAGE    3
  |      UNITED STATES CUSTOMS SERVICE     |----------------------------
  |                                        | 2. CASE NUMBER
  |  R E P O R T   O F   I N V E S T I G A T I O N  |----------------------------
  |          C O N T I N U A T I O N       | 3. REPORT NUMBER: 002
  ----------------------------------------------------------
```

INTERVIEWS OF MALIK AL-MALEKI: FEBRUARY 20 and 21, 2002
-------------------------------------------------------

Based on information provided by the SAIC/Seattle, a federal search warrant
was obtained on February 19, 2002 for AL-MALEKI'S residence, 2623 Westover
Avenue, Apartment 1, Roanoke, Virginia.  On February 20, 2002, Special Agents
of the RAIC/Norfolk and ATF/Roanoke executed the warrant with the assistance
of Roanoke (Virginia) police officers.  AL-MALEKI was present at the
residence.   RAIC/NF SS/A William R. Anderson advised AL-MALEKI that he was
under arrest.  AL-MALEKI agreed to an interview and volunteered
information regarding his involvement with AFCI (Agent's note: On February 21,
2002, AL-MALEKI provided additional information relative to this interview by
telephone.  Details of both interviews are contained herein).

AL-MALEKI stated that approximately three to four years ago he was introduced
to Hussein AL SHAFEI over the telephone by a friend named LLOYD, a mutual
acquaintance.  AL-MALEKI could not remember LLOYD's last name.  AL-MALEKI said
he had advised LLOYD that he wanted to send some money to family members in
Iraq, and LLOYD told him that he could do so through AL SHAFEI.  AL-MALEKI
indicated that he knew it was illegal to send money directly to Iraq from the
United States.  After conducting a few of these transactions, AL SHAFEI
recruited AL-MALEKI to collect funds from others in the Roanoke area, who
needed to send money to Iraq.  AL-MALEKI said he agreed to assist AL SHAFEI,
and for the last three to four years he has collected money from approximately
35 to 50 individuals.  AL-MALEKI stated that he deposited the money into a
Bank of America bank account as instructed by AL SHAFEI.

AL-MALEKI was shown a spiral notebook found in his apartment.  AL-MALEKI
stated that he owned the book, and explained that his notations contained
therein identified the individuals he collected money from, the amounts, the
individuals to whom the money was to be delivered to, etc.  AL-MALEKI said he
communicated this information to AL SHAFEI by telephone after making deposits

| DEPARTMENT OF THE TREASURY UNITED STATES CUSTOMS SERVICE | 1. PAGE     4 |
|---|---|
| | 2. CASE NUMBER |
| R E P O R T   O F   I N V E S T I G A T I O N C O N T I N U A T I O N | 3. REPORT NUMBER: 002 |

of the funds into the account. AL-MALEKI was presented a series of deposit
slips which were discovered during the search. AL-MALEKI identified these as
receipts for funds he deposited on behalf of his clients. These deposit slips
were for Bank of America account 67467019. ALAMALEKI stated his belief that
this account was in AL SHAFEI'S name.

AL-MALEKI admitted that he collected a two-dollar fee from these individuals
for each $100 he sent to AL SHAFEI. AL-MALEKI added that AL SHAFEI charged
these individuals a five-dollar fee for each $100 he delivered to Iraq on
their behalf. AL-MALEKI stated that AL SHAFEI sent the money to associates in
intermediary countries such as Jordan, who arranged for final delivery to
Iraq. AL-MALEKI admitted that AL SHAFEI'S international system involved a
form of Hawala. AL-MALEKI could not provide any further details regarding AL
SHAFEI'S money delivery/Hawala method.

Al SHAFEI advised AL-MALEKI approximately a month ago that law enforcement
authorities in Seattle had confronted him about the money deliveries to Iraq.
AL SHAFEI assured AL-MALEKI that he (AL SHAFEI) was not in trouble. However,
AL SHAFEI instructed AL-MALEKI to stop collecting the money from his clients
in Roanoke. AL SHAFEI advised AL-MALEKI to provide the bank account number to
his clients and tell them that they could continue sending money to Iraq by
personally depositing their funds into this account. AL-MALEKI stated that he
is provided the account number to all of his clients. AL-MALEKI stated his
lief that these individuals are depositing their money into this bank
account, and are communicating their wishes regarding delivery of the funds to
AL SHAFEI by telephone.

AL-MALEKI asserted that he has discontinued collecting funds from anyone for
any reason. AL-MALEKI added that he does not know anyone who has previously
or is now assisting AL SHAFEI or anyone to collect money from individuals in
the United States for delivery to Iraq or any other foreign country.

AL-MALEKI related that he emigrated to the United States from Iraq
approximately five years ago. He initially lived in Kentucky and then moved
to Michigan for a few months. AL-MALEKI has resided in Roanoke for over four
years. AL-MALEKI provided his Virginia drivers license number 402517335 as a
means of identification.